**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ORGANIC TRADE ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-01875 (RMC) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## **<u>DEFENDANTS' ANSWER</u>**

Defendants, the United States Department of Agriculture; Sonny Perdue, Secretary of the United States Department of Agriculture; and Bruce Summers, Administrator of the Agricultural Marketing Service ("AMS") (collectively, "USDA" or "Defendants"), hereby submit their Answer to Plaintiff's Second Amended Complaint ("SAC"), ECF No. 34-3.

Defendants generally object to the SAC because its 304 paragraphs do not conform to the requirement under Fed. R. Civ. P. 8(a)(2) that a pleading's statement of claims be "short and plain."

Defendants respond to the first unnumbered paragraph of the SAC as follows:

Defendants deny that the American Society for the Prevention of Cruelty to Animals ("ASPCA") and the Animal Welfare Institute ("AWI") are plaintiffs in this action and note that those putative plaintiffs withdrew from the case on May 25, 2018.  ECF No. 56.  The remainder of this paragraph contains only a characterization of the SAC, which speaks for itself and to which no response is necessary.

Defendants respond to the numbered paragraphs of the SAC as follows.

## <u>NATURE OF THIS ACTION</u>

1.      The first and second sentences of this paragraph contain only Plaintiff's characterizations of this lawsuit and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants admit that USDA promulgated a final rule withdrawing the Organic Livestock and Poultry Practices ("OLPP") Rule on March 13, 2018, 83 Fed. Reg. 10,775 (the "Withdrawal Rule"); note that Plaintiff's allegations concerning three earlier final rules postponing the effective date of the OLPP Rule have been dismissed as moot; and deny the remainder of the allegations in the first two sentences.  As to the third sentence, Defendants admit that USDA published the OLPP Rule on January 19, 2017, 82 Fed. Reg. 7042; the remainder of the sentence contains only Plaintiff's characterizations of the OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule for a complete and accurate statement of its contents.

2.      This paragraph contains only argument and Plaintiff's characterizations of, and legal conclusions about, the OLPP Rule, which speaks for itself and to which no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the OLPP Rule that is inconsistent with its text.

3.      This paragraph contains only argument and Plaintiff's characterizations of, and legal conclusions about, the Withdrawal Rule, which speaks for itself and to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

4.       This paragraph contains only argument and Plaintiff's characterizations of, and legal conclusions about, the Withdrawal Rule, which speaks for itself and to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

5.      This paragraph contains only a characterization of the OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule for a complete and accurate statement of its contents.

6.      This paragraph contains only a characterization of the Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

7.      This paragraph contains only a characterization of the OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule for a complete and accurate statement of its contents.

8.      This paragraph contains only argument and a characterization of the Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

9.      This paragraph contains only argument and a characterization of the OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule for a complete and accurate statement of its contents.

10.     This paragraph contains only argument and a characterization of the Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

11.     This paragraph contains only argument, Plaintiff's characterizations of, and legal conclusions about three final rules that preceded the Withdrawal Rule, which speak for themselves and to which no response is required.  Furthermore, this paragraph relates to claims that have been dismissed from this lawsuit as moot and thus no response is required.

12.     Admit only that on December 18, 2017, USDA published a notice of proposed

rulemaking to withdraw the OLPP Rule, 82 Fed. Reg. 59,988 ("Proposed Withdrawal Rule"). Defendants respectfully refer the Court to the Proposed Withdrawal Rule for a complete and accurate statement of its contents.

13.     As to the first sentence, Defendants admit that the Withdrawal Rule was published on March 13, 2018, that the comment period for the Withdrawal Rule was thirty days, and that requests to enlarge the thirty-day comment period were denied.  Defendants respectfully refer the Court to the Withdrawal Rule and Proposed Withdrawal Rule for further discussion of these facts and deny the remainder of the allegations in this sentence.  The remainder of this paragraph contains only argument and legal conclusions about the Withdrawal Rule, to which no response is required.  To the extent a response is deemed necessary, denied.

14.     The first sentence contains only a characterization of the relief sought in this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.  The second sentence is denied.

15.     This paragraph contains only a characterization of the relief sought in this lawsuit, not allegations of fact, and thus no response is required.

## JURISDICTION & VENUE

16.     This paragraph contains only conclusions of law, not averments of fact to which a response is required.

17.     This paragraph contains only conclusions of law, not averments of fact to which a response is required.

18.     This paragraph contains only conclusions of law, not averments of fact to which a response is required.

19.     This paragraph contains only conclusions of law, not averments of fact to which a response is required.

20.     This paragraph contains only a characterization of certain relief Plaintiff seeks in this lawsuit, not allegations of fact, and thus no response is required.

## PARTIES

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences.  As to the third sentence, Defendants admit that OTA submitted written comments on the Proposed OLPP Rule, as well as a proposed rule seeking comment on four options regarding the OLPP Rule ("Proposed Options Rule"), 82 Fed. Reg. 21,742 (May 10, 2017), and the Proposed Withdrawal Rule, but lack knowledge or information sufficient to form a belief as to the truth of the remainder of the sentence and bullet points thereto.

23.     Defendants deny the allegations in the first sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Defendants deny the allegations in the third sentence.  The fourth sentence contains only a conclusion of law and a characterization of the Withdrawal Rule and thus no response is required. To the extent a response is deemed necessary, the fourth sentence is denied.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.  Deny the remainder of this paragraph.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

27.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

28.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

29.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

30.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

31.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

32.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

33.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

34.      This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request

an opportunity to supplement these answers.

35.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

36.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

37.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

38.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

39.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

40.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

41.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

42.     This paragraph relates to a putative party who has withdrawn from this lawsuit and

thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

43.     This paragraph relates to a putative party who has withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

44.     As to Plaintiff the Organic Trade Association ("OTA"), Defendants deny the first two sentences and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.  As to the ASPCA and AWI, the paragraph relates to putative parties who have withdrawn from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement these answers.

45.     As to OTA, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  As to the ASPCA and AWI, the paragraph relates to putative parties who have withdrawn from this lawsuit and thus no response is required.

46.     As to OTA, this paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.  As to the ASPCA and AWI, the paragraph relates to putative parties who have withdrawn from this lawsuit and thus no response is required.

47.     As to OTA, this paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.  As to the ASPCA and AWI, the paragraph relates to putative parties who have withdrawn from this lawsuit and thus no response is required.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Admitted.

## **BACKGROUND**

52.     Defendants admit that the Organic Foods Production Act ("OFPA") was enacted in 1990 and respectfully refer the Court to the OFPA for a full and accurate statement of its contents. The remainder of this paragraph contains only characterizations of and legal conclusions about the OFPA, which speaks for itself and to which no response is required.

53.     This paragraph contains only characterizations of various provisions of the OFPA, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the cited provisions of the OFPA for a full and accurate statement of their contents.

54.     This paragraph contains only a characterization of the cited provision of the OFPA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited provision of the OFPA for a full and accurate statement of its contents.

55.     The first sentence contains only a characterization of the cited provision of the OFPA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited provision of the OFPA for a full and accurate statement of its contents. Defendants admit the second sentence.

56.     This paragraph contains only a characterization of the cited provision of the OFPA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited provision of the OFPA for a full and accurate statement of its contents.

57.     This paragraph contains only a characterization of the cited provision of the OFPA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited provision of the OFPA for a full and accurate statement of its contents.

58.     The first sentence of this paragraph contains only argument, characterizations of, and legal conclusions about the National Organic Standards Board ("NOSB"), not averments of fact to which a response is required.  As to the first clause of the second sentence, Defendants lack knowledge or information sufficient to admit or deny the comparison to "many advisory boards," which are not specified.  The second clause of the second sentence contains only argument and a characterization of 7 U.S.C. § 6518(b), which speaks for itself and to which no response is required.  To the extent a response is deemed necessary, denied.  The third sentence contains only argument and a characterization of 7 U.S.C. § 6518(b) and 82 Fed. Reg. at 7043, which speak for themselves and to which no response is required.

59.     This paragraph contains only a characterization of 7 U.S.C. § 6518(k)(1), which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to 7 U.S.C. § 6518(k)(1) for a complete and accurate statement of its contents.

60.     This paragraph contains only a characterization of 7 U.S.C. § 6518(a), which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to 7 U.S.C. § 6518(a) for a complete and accurate statement of its contents.

61.     This paragraph contains only a characterization of 7 U.S.C. § 6503(c), which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to 7 U.S.C. § 6503(c) for a full and accurate statement of its contents.

62.     This paragraph contains only a characterization of a Senate committee report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or legislative history.

63.     This paragraph contains only a characterization of a USDA policy manual, which

speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited manual for a complete and accurate statement of its contents.

64.     This paragraph contains only a characterization of a Senate committee report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or the legislative history of the OFPA.

65.     This paragraph contains only a characterization of a Senate committee report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or the legislative history of the OFPA.

66.     This paragraph contains only a characterization of a Senate committee report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or the legislative history of the OFPA.

67.     This paragraph contains only a characterization of a Senate committee report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or the legislative history of the OFPA.

68.     This paragraph contains only a characterization of a Senate committee report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or the legislative history of the OFPA.

69.     This paragraph contains only a characterization of a conference committee report,

which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or the legislative history of the OFPA.

70.     This paragraph contains only argument, conclusions of law, and characterizations of a conference committee report, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any interpretation that is inconsistent with the statutory text or the legislative history of the OFPA.

71.     This paragraph contains only argument, conclusions of law, and characterizations of the cited statutory provision, to which no response is required.  Defendants refer the Court to the cited statutory provision for a complete and accurate statement of its contents.

72.      This paragraph contains only a characterization of 7 U.S.C. § 6509(g), to which no response is required.  Defendants refer the Court to 7 U.S.C. § 6509(g) for a complete and accurate statement of its contents.

73.     Defendants admit that USDA published the National Organic Program final rule, 65 Fed. Reg. 80,548, on December 21, 2000 and respectfully refer the Court to that rule for a complete and accurate statement of its contents.

74.     This paragraph contains only conclusions of law and a characterization of the Administrative Procedure Act ("APA"), to which no response is required.  Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents.

75.     This paragraph contains only conclusions of law and a characterization of the APA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents.

76.     This paragraph contains only conclusions of law and a characterization of the APA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents.

77.     This paragraph contains only conclusions of law and a characterization of the APA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents.

78.     This paragraph contains only conclusions of law and a characterization of the APA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents.

79.     This paragraph contains only conclusions of law and a characterization of the APA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents.

80.     This paragraph contains only a characterization of Executive Order 12866, Regulatory Planning and Review, 58 Fed. Reg. 51,735 (September 30, 1993) and a district court opinion, not averments of fact to which a response is required.  Defendants respectfully refer the Court to Executive Order 12866 and the cited district court opinion for a complete and accurate statement of their contents.

81.     This paragraph contains only a characterization of Executive Order 12866, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to Executive Order 12866 for a full and accurate statement of its contents.

82.     This paragraph contains only a characterization of Executive Order 12866, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to Executive Order 12866 for a full and accurate statement of its contents.

83.     This paragraph contains only a characterization of Executive Order 12866, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to Executive Order 12866 for a full and accurate statement of its contents.

84.     This paragraph contains only a characterization of Executive Order 12866, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to Executive Order 12866 for a full and accurate statement of its contents.

85.     This paragraph contains only a characterization of Executive Order 12866, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to Executive Order 12866 for a full and accurate statement of its contents.

86.     This paragraph contains only a characterization of Executive Order 12866, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to Executive Order 12866 for a full and accurate statement of its contents.

87.     This paragraph contains only characterizations of the OFPA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OFPA for a full and accurate description of its provisions.

88.     Defendants admit that producers are not required to label their products as organic but deny that participation in the National Organic Program is voluntary for producers that desire to use the organic label.  The remainder of the paragraph is a citation to Federal Register materials, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the cited Federal Register materials for a complete and accurate description of the statements made therein.

89.     This paragraph contains only argument, conclusions of law, and characterizations of unspecified standards under the OFPA, not averments of fact to which a response is required.

To the extent a response is deemed necessary, denied.

90.    Denied.

91.    This paragraph contains only argument, characterizations of, and legal conclusions about the OLPP Rule, not averments of fact to which a response is required. Defendants respectfully refer the Court to the cited portion of the OLPP Rule, 82 Fed. Reg. at 7043, for a complete and accurate statement of its contents.

92.    This paragraph contains only characterizations of memoranda and orders issued by this administration and prior administrations, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the cited memoranda and orders for a complete and accurate statement of their contents. Furthermore, this paragraph relates to claims that have been dismissed from this lawsuit as moot and thus no response is required.

93.    This paragraph contains only a characterization of, and legal conclusions about, the OFPA, not averments of fact to which a response is required. To the extent a response is deemed necessary, denied.

94.    As to the first sentence, Defendants admit that USDA has worked with the NOSB on the National Organic Program to the extent required by statute and otherwise deny. The second sentence contains only a quotation drawn from the National Organic Program final rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the National Organic Program final rule for a complete and accurate statement of its contents.

95.    This paragraph contains only a characterization of the National Organic Program final rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the National Organic Program final rule for a complete and accurate statement of its contents.

96.     This paragraph contains only a characterization of the National Organic Program final rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the National Organic Program final rule for a complete and accurate statement of its contents.

97.     As to the first sentence, admit that the National Organic Program final rule, to the extent it has not been altered or modified, is partially codified at various parts of sections 205.236-205.240, among others, of Title 7 of the Code of Federal Regulations.  The remainder of this paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

98.     This paragraph contains only a characterization of the National Organic Program final rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the National Organic Program final rule for a full and accurate statement of its contents.

99.     Admit only that USDA has modified organic livestock standards in various respects since the publication of the National Organic Program final rule; that the NOSB has held many on-the-record public meetings with various witnesses; and that the NOSB has developed and published for comment many drafts and recommendations pertaining to organic production, some of which have pertained to livestock production, otherwise deny.

100.    Admit that on June 7, 2001, the NOSB issued, among other recommendations, a recommendation entitled "Pasture" and respectfully refer the Court to that recommendation for a full and accurate statement of its contents.

101.    Admit that on May 8, 2002, the NOSB adopted a recommendation entitled "Access to Outdoors for Poultry" and respectfully refer the Court to that recommendation for a full and

accurate statement of its contents.

102.    Admit that a 2002 administrative appeal decision of AMS reversed a certifying agent's denial of certification of an egg laying operation and determined that poultry porches satisfied the regulatory requirement that hens be provided with outdoor access.   Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.

103.    As to the first sentence, Defendants admit that on March 2, 2005, the NOSB posted for comment a proposed recommendation to address, among other things, temporary confinement for ruminant livestock and respectfully refer the Court to that posting for a full and accurate statement of its contents.   As to the second sentence, admit that USDA published a proposed Access to Pasture Rule on October 24, 2008, 73 Fed. Reg. 63,584, and a final Access to Pasture Rule on February 17, 2010, 75 Fed. Reg. 7154.   The third sentence contains only a characterization of the Access to Pasture final rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the Access to Pasture final rule for a complete and accurate statement of its contents.

104.    Admit that USDA published the Access to Pasture final rule in 2010, 75 Fed. Reg. 7154.   The remainder of this paragraph contains only argument, legal conclusions, and characterizations of the Access to Pasture and National Organic Program final rules, which speak for themselves and to which no response is required.   Defendants respectfully refer the Court to the National Organic Program and Access to Pasture final rules for a complete and accurate statement of their contents.

105.    This paragraph contains only argument, legal conclusions, and characterizations of the Access to Pasture final rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the Access to Pasture final rule for a complete and

accurate statement of its contents.

106.    As to the first sentence, admit only that the NOSB made six recommendations regarding livestock, pasture, and conditions for temporary confinement of animals between 1994 and 2005; that USDA subsequently received thousands of comments on proposals for pasture regulations; and that USDA held five listening sessions on the proposed Access to Pasture Rule, at which feedback from the public was mixed.  The second and third sentences contain only characterizations of the proposed and final versions of the OLPP Rule, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the proposed and final versions of the OLPP Rule for a complete and accurate statement of their contents.

107.    This paragraph contains only argument about and characterizations of the Access to Pasture final rule and the OLPP Rule, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the Access to Pasture final rule and the OLPP Rule for a complete and accurate statement of their contents.

108.    This paragraph contains only characterizations of the Access to Pasture final rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the Access to Pasture final rule for a complete and accurate statement of its contents.

109.    Defendants admit that the NOSB issued recommendations on organic livestock production between 2009 and 2011, including a formal recommendation on November 5, 2009; the remainder of this paragraph contains only characterizations of the aforementioned recommendations, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the specific NOSB recommendations at issue for a full and accurate statement of their contents.

110.    Defendants admit that on October 13, 2010, USDA published draft guidance on

outdoor access for organic poultry. *See* 75 Fed. Reg. 62,693. The remainder of the paragraph contains only a characterization of the draft guidance, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the October 13, 2010 draft guidance document for a full and accurate statement of its contents.

111.    Defendants admit that on May 6, 2011, USDA issued a memorandum entitled Issuance of Final Guidance and Response to Comments in which it declined to finalize the draft guidance on outdoor access for organic poultry discussed in paragraph 110. The remainder of this paragraph contains only characterizations of the May 6, 2011 memorandum, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the May 6, 2011 memorandum for a complete and accurate statement of its contents.

112.    Defendants admit that the NOSB adopted a recommendation on October 28, 2010 pertaining to the administration of drugs in the absence of illness. The remainder of this paragraph contains only a characterization of the October 28, 2010 recommendation, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the October 28, 2010 NOSB recommendation for a complete and accurate statement of its contents.

113.    Defendants admit that in March 2010, USDA's Office of Inspector General ("OIG") issued a report entitled "Oversight of the National Organic Program" (the "OIG report"). The remainder of this paragraph contains only a characterization of the OIG report, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the OIG report for a complete and accurate statement of its contents.

114.    Defendants admit that on December 2, 2011, the NOSB issued a recommendation entitled Animal Welfare and Stocking Rates. The remainder of this paragraph contains only a characterization of the NOSB's December 2, 2011 recommendation, which speaks for itself and

to which no response is required.  Defendants respectfully refer the Court to the NOSB's December 2, 2011 recommendation for a complete and accurate statement of its contents.

115.    Defendants admit that on March 21, 2012, AMS issued a document entitled Memorandum to the National Organic Standards Board that, among other things, responded to eleven separate recommendations of the NOSB issued between November 29 and December 2, 2011, including the NOSB's recommendation to strengthen animal welfare requirements in organic livestock production.  The remainder of the paragraph contains only a characterization of the March 21, 2012 Memorandum, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the March 21, 2012 Memorandum for a complete and accurate statement of its contents.

116.    Admit that the NOSB made at least nine recommendations regarding livestock production practices between 1994 and 2011; the remainder of the paragraph contains only characterizations of those recommendations, which speak for themselves and to which no response is required.

117.    As to the first sentence, Defendants admit that the NOSB invited public comment on livestock production practices between 2001 and 2012.  As to the second sentence, Defendants admit that public notice of NOSB meetings to discuss, among other things, livestock production practices were published in the Federal Register on April 19, 2002, September 9, 2009, September 20, 2010, and October 7, 2011.  Defendants refer the Court to those notices for a full and accurate statement of their contents.

118.    Defendants admit that, after the National Organic Program final rule was published in 2000, the Access to Pasture final rule was the only final rule to address livestock production standards prior to the promulgation of the final OLPP Rule in January 2017.

119.     As to the first sentence, Defendants admit that USDA has issued guidance documents that are still in use.  The second sentence contains only argument about the guidance discussed in paragraphs 120 and 121, not averments of fact to which a response is required.

120.     Defendants admit that USDA has issued a document entitled Guidelines for Organic Certification of Poultry.  The remainder of this paragraph contains only characterizations of that document, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the document entitled Guidelines for Organic Certification of Poultry for a complete and accurate statement of its contents.

121.     Defendants admit that USDA has issued a document entitled Guidelines for Organic Certification of Dairy Livestock.  The remainder of this paragraph contains only characterizations of that document, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the document entitled Guidelines for Organic Certification of Dairy Livestock for a complete and accurate statement of its contents.

122.     Defendants admit that USDA published the Proposed OLPP Rule on April 13, 2016.  The remainder of the paragraph contains only a characterization of that Proposed Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

123.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

124.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

125.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

126.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

127.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

128.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

129.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

130.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

131.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Proposed OLPP Rule for a complete and accurate statement of its contents.

132.     This paragraph contains only a characterization of the Proposed OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the

Proposed OLPP Rule for a complete and accurate statement of its contents.

133.    Defendants admit that USDA published the final OLPP Rule on January 19, 2017. The remainder of the paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

134.    This paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

135.     This paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

136.    This paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

137.    This paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

138.    This paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

139.    This paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

140.     This paragraph contains only argument and a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

141.     This paragraph contains only argument and a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

142.     This paragraph contains only a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

143.     This paragraph contains only argument and a characterization of the final OLPP Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the final OLPP Rule for a complete and accurate statement of its contents.

144.     Defendants admit that NOSB issued six recommendations on organic livestock production between 2002 and 2011; Defendants deny that these recommendations were adopted in their entirety in the final OLPP Rule.  The remainder of this paragraph contains only quotations from the proposed and final OLPP Rules, which speak for themselves and to which no response is required.

145.     Defendants admit that the NOSB held a public meeting in April 2017.  The remainder of this paragraph contains only a characterization of a transcript of that meeting, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the transcript of the April 2017 NOSB meeting for a full and complete record of its contents.

146.     This paragraph contains only a characterization of a transcript of the NOSB's April 2017 meeting, which speaks for itself and to which no response is required.  Defendants

respectfully refer the Court to the transcript of that meeting for a full and complete record of its contents.

147.     This paragraph contains only a quotation drawn from the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule for a complete and accurate statement of its contents.

148.     This paragraph contains only a quotation drawn from the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule for a complete and accurate statement of its contents.

149.     This paragraph contains only argument, not averments of fact to which a response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the proposed and final OLPP Rule and cited NOSB documents for a complete and accurate statement of their contents.

150.     This paragraph contains only a quotation drawn from the Regulatory Impact Analysis ("RIA") of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

151.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

152.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of

their contents.

153.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

154.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

155.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

156.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

157.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

158.     This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer

the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

159.    This paragraph contains only a quotation drawn from the RIA of the final OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

160.    Admitted.

161.    Admitted.

162.    This paragraph contains only a characterization of the memorandum entitled Memorandum for the Heads of Executive Departments and Agencies; Regulatory Freeze Pending Review ("White House Memorandum"), 82 Fed. Reg. 8346, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the White House Memorandum for a full and accurate statement of its contents.

163.    This paragraph contains only a characterization of the White House Memorandum which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the White House Memorandum for a full and accurate statement of its contents.

164.    This paragraph contains only argument and characterization of a final rule published on February 9, 2017 (the "February 9 Rule"), 82 Fed. Reg. 9967, which speaks for itself and to which no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed from this lawsuit and to which no response is required.

165.    This paragraph contains only argument and characterization of the February 9 Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed from this lawsuit and to which no response is required.  To the

extent a response is deemed necessary, denied.

166.     This paragraph contains only argument and a characterization of the February 9 Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph relates to a claim that has been dismissed from this lawsuit and to which no response is required. To the extent a response is deemed necessary, denied.

167.     Defendants admit that USDA received a letter dated April 28, 2017 purporting to be from 334 certified organic livestock producers "representing approximately $1.95 billion in annual organic sales."  The remainder of this paragraph contains only characterizations of the letter, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents.

168.     Admitted.

169.     Denied.

170.     Admit that on May 10, 2017, USDA published a final rule postponing the effective date of the OLPP Rule until November 14, 2017, 82 Fed. Reg. 21,677 (the "May 10 Rule").

171.     This paragraph contains only argument and characterization of the May 10 Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

172.     This paragraph contains only argument and characterization of the May 10 Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

173.     This paragraph contains only argument and characterization of the May 10 Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.  To the extent

a response is deemed necessary, Defendants refer the Court to the May 10 Rule for a full and accurate statement of its contents and deny the allegations in the second sentence.

174.    This paragraph contains only argument and characterization of the May 10 Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

175.    Defendants admit that on May 10, 2017, USDA published the Proposed Options Rule.  The remainder of the paragraph contains only a characterization of the Proposed Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

176.    This paragraph contains only argument and a characterization of the Proposed Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

177.    This paragraph contains only argument and a characterization of the Proposed Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

178.    Defendants admit that on November 14, 2017, USDA published a final rule postponing the effective date of the OLPP Rule until May 14, 2018, 82 Fed. Reg. 52,643 ("Final Options Rule").  The remainder of the paragraph contains only argument and a characterization of the Final Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response

is required.

179.    This paragraph contains only argument and a characterization of the Final Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants deny that the Final Options Rule contravened any requirement of the OFPA and respectfully refer the Court to the OFPA and the Final Options Rule for a full and accurate statement of their contents.

180.    This paragraph contains only argument and a characterization of the Final Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

181.    This paragraph contains only argument and a characterization of the Final Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants deny the conclusions of law in this paragraph.

182.    This paragraph contains only argument and a characterization of the Final Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

183.    This paragraph contains only argument and a characterization of the Final Options Rule, which speaks for itself and to which no response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

184.    This paragraph contains only argument, conclusions of law, and characterizations of the Proposed and Final Options Rules, which speak for themselves and to which no response is

required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.  To the extent a response is deemed necessary, Defendants deny the conclusions of law in this paragraph.

185.      Admit that in December 2017, USDA published supporting materials for the cost-benefit assessment contained in the Proposed Withdrawal Rule.  The remainder of this paragraph contains only argument and legal conclusions, not averments of fact to which a response is required.  Furthermore, the remainder of the paragraph relates to a claim that has been dismissed from this lawsuit and thus no response is required.

186.      This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.

187.      This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  Furthermore, this paragraph pertains to a claim that has been dismissed from this lawsuit and thus no response is required.   To the extent a response is deemed necessary, Defendants deny any violations of law alleged in this paragraph.

188.      This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  Furthermore, this paragraph pertains to claims that have been dismissed from this lawsuit and thus no response is required.  Specifically, the legal arguments in this paragraph have been rejected by the Court.

189.      Admit that on December 8, 2017, OTA filed a First Amended Complaint in this lawsuit; the remainder of this paragraph contains only a characterization of the First Amended Complaint, which speaks for itself and to which no response is required.

190.      As to the first sentence, admit that on December 18, 2017, USDA published the

Proposed Withdrawal Rule, 82 Fed. Reg. 59,988. The second sentence contains only a conclusion of law, to which no response is required. To the extent a response is deemed necessary, denied.

191.     This paragraph contains only a characterization of the Proposed Withdrawal Rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the Proposed Withdrawal Rule for a complete and accurate statement of its contents.

192.     This paragraph contains only a characterization of the Proposed Withdrawal Rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the Proposed Withdrawal Rule for a complete and accurate statement of its contents.

193.     This paragraph contains only a characterization of the Proposed Withdrawal Rule, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the Proposed Withdrawal Rule for a complete and accurate statement of its contents.

194.     Defendants admit that USDA's revised cost-benefit calculations were posted online and that the Proposed Withdrawal Rule included an executive summary of those calculations and expressly stated that "[c]opies of the full analysis are available on the Regulations.gov website." 82 Fed. Reg. at 59,990. Defendants respectfully refer the Court to the referenced cost-benefit calculations, the Proposed Withdrawal Rule, and the Withdrawal Rule PRIA for a full and accurate statement of their contents.

195.     As to the first sentence, Defendants admit that OTA submitted a written request to extend the comment period on the Proposed OLPP Rule; the remainder of the sentence contains only a characterization of that request, which speaks for itself and to which no response is required. Defendants refer the Court to OTA's request for a full and accurate statement of its contents. As to the second sentence, Defendants admit that, by letter dated January 10, 2018, USDA denied OTA's request to extend the comment period and respectfully refer the Court to USDA's January

10, 2018 letter for a complete and accurate statement of its contents.

196.     The allegations in this paragraph pertain to putative parties who have withdrawn from this lawsuit and thus no response is required.  To the extent a response is required, Defendants admit that AWI and the ASPCA sent letters requesting extensions of the comment period for the Proposed Withdrawal Rule and that USDA denied those requests.  Defendants respectfully refer the Court to the letter requests of the ASPCA and AWI and USDA's letters in response to those requests for a full and accurate statement of their contents.

197.     Defendants admit that OTA submitted a written comment on the Proposed Withdrawal Rule by letter dated January 17, 2018.  The remainder of the paragraph contains only a characterization of that letter, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to OTA's January 17, 2018 comment for a complete and accurate statement of its contents.

198.     Defendants admit that USDA published the final Withdrawal Rule in the Federal Register on March 13, 2018.  The remainder of the paragraph contains only a characterization of the final Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the final Withdrawal Rule for a complete and accurate statement of its contents.

199.     This paragraph contains only a characterization of the final Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the final Withdrawal Rule for a complete and accurate statement of its contents.

200.     This paragraph contains only argument and characterizations of the final Withdrawal Rule and the OFPA, to which no response is required.  To the extent a response is deemed necessary, denied.

201.     This paragraph contains only argument and a characterization of the final Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the final Withdrawal Rule for a complete and accurate statement of its contents.

202.     Defendants lack sufficient clarity as to the meaning of "this rulemaking" to admit or deny the allegations in this paragraph.  Defendants respectfully refer the Court to the cited portion of the OLPP Rule, 83 Fed. Reg. at 7043, for a full and accurate statement of its contents.

203.     This paragraph contains only conclusions of law and characterizations of the OFPA and the final Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the cited statutory provision and the final Withdrawal Rule for a complete and accurate statement of their contents.

204.     This paragraph contains only argument and a characterization of the final Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the final Withdrawal Rule for a complete and accurate statement of its contents.

205.     This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny the allegations of law in this paragraph and respectfully refer the Court to the cited judicial decision for a complete and accurate statement of its contents.

206.     This paragraph contains only argument and a characterization of the final Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the final Withdrawal Rule for a complete and accurate statement of its contents.

207.     This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

208.     This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

209.     This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

210.     This paragraph contains only argument and a characterization of the final Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the final Withdrawal Rule for a complete and accurate statement of its contents.

211.     Denied.

212.     This paragraph contains only argument quoted from the comment of ASPCA and AWI, to which no response is required.  To the extent a response is deemed necessary, denied.

213.     This paragraph contains only argument quoted from the comment of ASPCA and AWI, to which no response is required.  To the extent a response is deemed necessary, denied.

214.     This paragraph contains only argument quoted from the comment of ASPCA and AWI, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the quoted publication of the World Organization for Animal Health for a complete and accurate statement of its contents.

215.     This paragraph contains only argument quoted from the comment of ASPCA and AWI, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the quoted article of A.F. Fraser and D.M. Broom for a complete and accurate statement of its contents.

216.    This paragraph contains only argument, conclusions of law, and characterizations of the OFPA, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the first, second, and third sentences and respectfully refer the Court to 7 U.S.C. § 6509(d)(2) for a complete and accurate statement of its contents.

217.    This paragraph contains only argument, conclusions of law, and characterizations of the OFPA, to which no response is required.  To the extent a response is deemed necessary, denied.

218.    Defendants admit that USDA asked for comment on the Proposed Withdrawal Rule and deny that any additional sections of the OFPA plainly authorized the OLPP Rule.  The remainder of the paragraph contains only argument and characterizations of the proposed and final Withdrawal Rules, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the proposed and final Withdrawal Rules for a complete and accurate statement of their contents.

219.    This paragraph contains only characterizations of the proposed and final Withdrawal Rules, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the proposed and final Withdrawal Rules for a complete and accurate statement of their contents.

220.    This paragraph contains only argument and a characterization of OTA's comment on the Proposed Withdrawal Rule, which speaks for itself and to which no response is required.  To the extent a response is deemed necessary, denied.

221.    This paragraph contains only argument, conclusions of law, and a characterization of the Withdrawal Rule, to which no response is required.  To the extent a response is deemed necessary, denied.

222.     This paragraph contains only argument, conclusions of law, and a characterization of the Withdrawal Rule, to which no response is required.  To the extent a response is deemed necessary, denied.

223.     This paragraph contains only a characterization of the OFPA, to which no response is required.  Defendants respectfully refer the Court to the cited provision for a full and accurate statement of its contents.

224.     This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

225.     This paragraph contains only argument and a characterization of the Withdrawal Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

226.     This paragraph contains only a characterization of the proposed and final RIAs of the Withdrawal Rule, not averments of fact to which a response is necessary.  Defendants respectfully refer the Court to the proposed and final RIAs of the Withdrawal Rule for a complete and accurate statement of their contents.

227.     Defendants admit that certain commenters requested additional time to comment on the Proposed Withdrawal Rule and deny that thirty days was an insufficient time to review and comment on the Proposed Withdrawal Rule.  The remainder of this paragraph contains only argument, not averments of fact to which a response is required.

228.     This paragraph contains only a characterization of the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

229.     This paragraph contains only a characterization of the Withdrawal Rule, to which

no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

230.     This paragraph contains only a characterization of the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

231.     This paragraph contains only a characterization of the Withdrawal Rule RIA, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule RIA for a complete and accurate statement of its contents.

232.     This paragraph contains only a characterization of the Withdrawal Rule RIA, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule RIA for a complete and accurate statement of its contents.

233.     This paragraph contains only a characterization of the Withdrawal Rule RIA, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule RIA for a complete and accurate statement of its contents.

234.     This paragraph contains only argument and a characterization of the Withdrawal Rule RIA, to which no response is required.  To the extent a response is deemed necessary, denied.

235.     The first sentence contains only a characterization of the Withdrawal Rule, to which no response is required.  Deny the second and third sentences.

236.     This paragraph contains only characterizations of the OLPP Rule and its accompanying RIA, to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and its accompanying RIA for a complete and accurate statement of their contents.

237.     This paragraph contains only argument and a characterization of the Withdrawal Rule, to which no response is required.  To the extent a response is deemed necessary, denied.

238.     This paragraph contains only argument and a characterization of the Withdrawal Rule, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

239.     Defendants deny the allegations in the first sentence.  The second sentence contains only characterizations of OMB guidelines, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to those guidelines for a complete and accurate statement of their contents.  The third sentence contains only argument, conclusions of law, and characterizations of "[m]arketing program statutes, like the OFPA," not averments of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the third sentence.

240.     This paragraph contains only argument and characterizations of the Withdrawal Rule RIA, the OLPP Rule, and the OLPP Rule RIA, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule RIA, the OLPP Rule, and the OLPP Rule RIA for a complete and accurate statement of their contents.

241.     This paragraph contains only a characterization of the OLPP Rule RIA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule RIA for a complete and accurate statement of its contents.

242.     This paragraph contains only argument, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

243.     This paragraph contains only argument and a characterization of a comment from the Accredited Certifiers Association, not averments of fact to which a response is necessary.  To the extent a response is deemed necessary, denied.

244.     This paragraph contains only argument and a characterization of the Withdrawal

Rule, not averments of fact to which a response is required.

245.     This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, Defendants admit that the OLPP Rule addressed welfare factors other than outdoor access and deny the remainder of this paragraph.

246.     This paragraph contains only a characterization of the OLPP Rule RIA, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule RIA for a complete and accurate statement of its contents.

247.     The first clause of this paragraph contains only a characterization of the Withdrawal Rule, which speaks for itself and to which no response is required.  Defendants deny the second and third clauses of the paragraph.

248.     This paragraph contains only argument, conclusions of law, and characterizations of the Withdrawal Rule and a USDA Economic Research Service ("ERS") report, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the first and second sentences.  As to the third sentence, Defendants admit that USDA published an ERS report on food labels, which speaks for itself, but deny that the ERS report suggests any deficiency in the Withdrawal Rule.  Subparagraphs 248(a)-(g) contain only characterizations of the ERS report, which speaks for itself and to which no response is required.   Defendants deny any allegation in this paragraph that the OLPP Rule was necessary to correct a market failure and respectfully refer the Court to the ERS report for a complete and accurate statement of its contents.

249.     Denied.

250.     The first and second sentences contain only characterizations of Executive Order 12866, which speaks for itself and to which no response is required.  Deny the third sentence.

251.    Defendants deny that the analysis in the Withdrawal Rule violated Executive Order 12866.  The remainder of this paragraph contains only argument and a characterization of the Withdrawal Rule, not averments of fact to which a response is required.

252.    Denied.

253.    This paragraph contains only argument and characterizations of the cited Senate report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited Senate report for a complete and accurate statement of its contents.

254.    The first sentence contains only argument, not averments of fact to which a response is required.  The second sentence contains only a characterization of OMB guidelines, which speak for themselves and to which no response is required.  The third and fourth sentences contain only argument and legal conclusions, not averments of fact to which a response is required.

255.    This paragraph contains only argument and characterizations of the Withdrawal Rule, not averments of fact to which a response is required.  Defendants respectfully refer the Court to the cited provisions of the Withdrawal Rule for a complete and accurate statement of their contents.

256.    The first and second sentences contain only argument and characterizations of the OFPA, the Senate and conference committee reports and the Withdrawal Rule.  Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents.  Defendants deny the third sentence and refer to the Court to 7 U.S.C. § 6501 for a full and accurate statement of its contents.

257.    This paragraph contains only argument and characterizations of the Access to Pasture final rule, the OLPP Rule, the OLPP Rule RIA, and the Withdrawal Rule, not averments of fact to which a response is required.  To the extent a response is deemed necessary, Defendants

deny the first sentence.  The second sentence contains only a characterization of the Access to Pasture final rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the Access to Pasture final rule for a complete and accurate statement of its contents.  The third sentence contains only a characterization of the OLPP Rule and OLPP Rule RIA, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule and the OLPP Rule RIA for a complete and accurate statement of their contents.

258.    This paragraph contains only characterizations of OMB guidelines, which speak for themselves and to which no response is required.

259.    Deny the first sentence.  The second and third sentences contain only argument and characterizations of the OFPA and OMB guidelines, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.  Defendants deny the fourth sentence.

260.    The first sentence contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.  The second sentence contains only characterizations of the cited regulation, which speaks for itself and to which no response is required.  Defendants deny the remainder of the paragraph.

261.    Deny the first sentence.  Defendants lack information or knowledge sufficient to admit or deny the second sentence.  The remainder of the paragraph contains only characterizations of two complaints attached as exhibits to the SAC, which speak for themselves and to which no response is required.  Defendants respectfully refer the Court to the cited complaints for a full and accurate statement of their contents.

262.    This paragraph contains only characterizations of two complaints attached as

exhibits to the SAC, which speak for themselves and to which no response is required.

263.    This paragraph contains only characterizations of the OLPP Rule and two complaints attached as exhibits to the SAC, which speak for themselves and to which no response is required.   Defendants respectfully refer the Court to the cited complaints and the OLPP Rule for a full and accurate statement of their contents.

264.    This paragraph contains only characterizations of the OLPP Rule, which speaks for itself and to which no response is required.

265.    This paragraph contains only argument and characterizations of the OLPP Rule and the Withdrawal Rule, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the OLPP Rule and the Withdrawal Rule for a complete and accurate statement of their contents.

266.    Denied.

267.    Defendants deny the first and second sentences.  The third sentence contains only a legal conclusion, to which no response is required.  The remainder of the paragraph is denied.

268.    Defendants deny the first sentence.   The second sentence contains only a characterization of OMB guidelines, which speak for themselves and to which no response is required.    The third and fourth sentences contain only argument, legal conclusions, and characterizations of the OIG March 2010 report, unspecified NOSB recommendations, the OLPP rulemaking record, comments to the Withdrawal Rule, the Withdrawal Rule, and 7 U.S.C. § 6509, which speak for themselves and to which no response is required.  To the extent a response is deemed necessary, the allegations in the third and fourth sentences are denied.  As to the fifth sentence, Defendants deny that the cited comments went unheeded; the remainder of the sentence contains only characterizations of those comments, which speak for themselves and to which no

response is required.

269.     This paragraph contains only conclusions of law and a characterization of 7 U.S.C. § 6501 to which no response is required.  Defendants respectfully refer the Court to 7 U.S.C. § 6501 for a complete and accurate statement of its contents.

270.     This paragraph contains only a characterization of the OIG report, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OIG report for a full and accurate statement of its contents.

271.     The first sentence contains only a characterization of the OLPP Rule, which speaks for itself and to which no response is required.  The remainder of the paragraph contains only argument, conclusions of law, and characterizations of the OLPP Rule, the Withdrawal Rule and unspecified executive orders and OMB guidance, not averments of fact to which a response is required.  To the extent a response is deemed necessary, denied.

272.     This paragraph contains only a characterization of OMB guidelines, which speak for themselves and to which no response is required.

273.     Denied.

## COUNT I

274.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, Defendants incorporate all corresponding responses in the foregoing paragraphs.

275.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, this paragraph contains only a legal conclusion, not an averment of fact, and thus no response is required.

276.     The allegations in this paragraph pertain to claims that have been dismissed and

thus no response is required.  To the extent a response is deemed necessary, this paragraph contains only a legal conclusion, not an averment of fact, and thus no response is required.

277.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, the first and second sentences contain only conclusions of law, to which no response is required.  As to the third sentence, Defendants lack sufficient clarity as to the meaning of the word "reconsideration" and therefore deny the allegations in this sentence.

278.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

279.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

280.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

281.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

282.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

283.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

284.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, the first sentence contains only a characterization of the cited rules, which speak for themselves and to which no response is required.  As to the second sentence, Defendants deny that the cited rules failed to

comply with the APA or the OFPA.  Defendants respectfully refer the Court to the cited rules and the White House Memorandum for a complete and accurate statement of their contents.

285.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

286.     The allegations in this paragraph pertain to claims that have been dismissed and thus no response is required.  To the extent a response is deemed necessary, denied.

## COUNT II

287.     Defendants incorporate all corresponding responses in the foregoing paragraphs.

288.     This paragraph contains only a legal conclusion, not an averment of fact, and thus no response is required.

289.     This paragraph contains only a legal conclusion, not an averment of fact, and thus no response is required.

290.     The first and second sentences contain only conclusions of law, to which no response is required.  To the extent a response is deemed necessary, admit only that NOSB made several recommendations preceding the OLPP Rule, some but not all of which were ultimately adopted in the OLPP Rule in some form.  As to the third sentence, Defendants lack sufficient clarity as to the meaning of the word "reconsideration" and therefore deny the allegations in this sentence.

291.     This paragraph contains only argument and characterizations of the OLPP Rule, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the OLPP Rule for a complete and accurate statement of its contents.

292.     Denied.

293.     Denied.

294.     Defendants deny that the Withdrawal Rule violates the APA or the OFPA and deny that Plaintiff is entitled to relief under 5 U.S.C. § 706(2)(A) or (C) or to any relief whatsoever.

## COUNT III

295.     Defendants incorporate all corresponding responses in the foregoing paragraphs.

296.     This paragraph contains only a legal conclusion, not an averment of fact, and thus no response is required.

297.     This paragraph contains only a legal conclusion, not an averment of fact, and thus no response is required.

298.     Defendants admit that USDA published the OLPP Rule on January 19, 2017; the remainder of the paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  To the extent a response is required, Defendants deny the remainder of this paragraph.

299.     This paragraph contains only argument and conclusions of law, not averments of fact to which a response is required.  Moreover, this paragraph relates to claims that have been dismissed from this lawsuit and thus no response is required.  To the extent a response is required, denied.

300.     This paragraph contains only conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, as to the first sentence, admit that OFPA imposes some unique pre-rulemaking duties on the USDA but deny the allegations in the second sentence.

301.     Denied.

302.     This paragraph contains only conclusions of law, not averments of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny the

allegations in the first and second sentences.

303.    Denied.

304.    The portions of this paragraph that pertain to the February 9, May 10, and November 14 Rules relate to claims that have been dismissed and thus no response is required.  As to the remainder of the paragraph, denied.

## REQUEST FOR RELIEF

305.    This paragraph contains only a characterization of the relief sought in the SAC, not averments of fact to which a response is required.  Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

306.    This paragraph contains only a characterization of the relief sought in the SAC, not averments of fact to which a response is required.  Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

307.    This paragraph contains only a characterization of the relief sought in the SAC, not averments of fact to which a response is required.  Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

308.    This paragraph contains only a characterization of the relief sought in the SAC, not averments of fact to which a response is required.  Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

309.    This paragraph contains only a characterization of the relief sought in the SAC, not averments of fact to which a response is required.  Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

310.    This paragraph contains only a characterization of the relief sought in the SAC, not averments of fact to which a response is required.  Defendants deny that Plaintiff is entitled to the

relief requested or any relief whatsoever.

311.    This paragraph contains only a characterization of the relief sought in the SAC, not averments of fact to which a response is required.  Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

Defendants specifically deny all allegations in the Complaint not otherwise answered herein, and deny that Plaintiffs are entitled to the relief requested in the SAC or to any relief whatsoever.

## **DEFENSES**

1.    The Court lacks subject matter jurisdiction to grant the relief requested in the SAC.

2.    The SAC fails to state a claim on which relief can be granted.

Dated: March 29, 2019                         Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ERIC R. WOMACK
Assistant Branch Director

*/s/ Serena Orloff*
SERENA M. ORLOFF
California Bar No. 260888
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(P) (202) 305-0167; (F) (202) 616-8470
Serena.M.Orloff@usdoj.gov

*Attorneys for Defendants*