UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ORGANIC TRADE ASSOCIATION,**<br><br>  Plaintiff,<br><br>  v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE,** *et al.,*<br><br>  Defendants. | Civil Case No. 1:17-cv-01875-RMC |

### MOTION TO COMPLETE THE ADMINISTRATIVE RECORD AND CORRECT AN ERROR IN THE EXISTING RECORD AND SUGGESTION OF FURTHER CONFERRAL BETWEEN THE PARTIES

Pursuant to this court's scheduling Order, May 30, 2019, the parties have conferred and considerably narrowed their differences regarding the composition of the Administrative Record in this case. Plaintiff now timely submits its request that Defendants be ordered to correct and complete the Administrative Record. However, as more fully set forth below, there is an outstanding issue upon which further conferral or guidance from this Court may be helpful.

Background

1. Defendants served their first Administrative Record ("First Administrative Record") on Plaintiff on April 16, 2019 without a certification of completeness.

2. The parties thereafter conferred and on April 26, 2019 Defendants served a "Supplemented and Certified Administrative Record" ("Certified AR") that included five additional documents and a Certification of Completeness and an Index. *See Exhibit 1* (Copy of Certification of Administrative Record); *see also Exhibit 2* (Index to Record); *see also Exhibit 3* (cover correspondence explaining supplementation).

The Two Tranches of Additional Documents Defendants Have Agreed to Produce

3. On May 7, 2018 in a case in a different Circuit in which the same administrative action at issue in this case is challenged, an Order was entered that compelled Defendants to produce the approximately 47,000 comments submitted through regulations.gov regarding one of the interim rulemakings, 82 Fed. Reg. 21742 (May 10, 2017) ("the Options rulemaking"). Defendants were also ordered to produce a privilege log addressing documents in the record considered by the agency but over which it asserted a privilege against production under the APA. *See Exhibit 4* (Copy of Order in *Center for Environmental Health v. Perdue et al.,* No. 18-1763-RS (N.D. Cal.) ("the California litigation")

4. Following additional conferral, Defendants agreed to add the approximately 47,000 comments ordered produced in the California litigation to the Certified AR produced to this Plaintiff.

5. Defendants have also agreed to add to the Certified AR in this case the documents, if any, determined as a result of the compilation of the privilege log in the California litigation, to have been misidentified as privileged.

6. Neither tranche of these agreed upon additions has yet been produced.

Specific Documents Missing from the Certified AR Produced in this Case

7. Based on Defendants' statements in the Federal Register notices, Plaintiff notified Defendants that the Certified AR appeared to be missing certain specified documents that were expressly considered and relied upon by the Defendants in adopting the OLPP Final Rule but were thereafter reconsidered and rejected during the reconsideration

proceedings. Specifically, Plaintiff seeks completion of the Certified AR by production of:

    a. The "Office of Inspector General Report" cited at 82 Fed. Reg. at 7044 (January 19, 2017) (OLPP Final Rule).

    b. The "nine separate recommendations" of the National Organic Standards Board that led to the OLPP and are specifically cited at at 82 Fed. Reg. at 7044 and 7082 (January 19, 2017) (OLPP Final Rule) and any and all written responses of the National Organic Program "NOP" to the nine separate recommendations.[1]

    c. The recommendations of the National Organic Standards Board cited in the Proposed OLPP in April 2016, 81 Fed. Reg. at 21958-59, and all written responses of the NOP to the designated recommendations. *See Exhibit 5* (excerpt from Proposed OLPP providing dates and summarizing the NOSB recommendations.)

    d. The 6,675 comments filed in response to the Proposed Rule "Organic Livestock and Poultry Practices", 81 Fed. Reg. 219562-2009 (April 13, 2016); Docket AMS–NOP–15–0012; NOP–15–06PR.  The comments are presently available at Regulations.gov. (last visited June 11, 2019). *See Exhibit X* (Index to comments obtained from Regulations.gov).  Alternatively if the Court would agree to take judicial notice for purposes of allowing the parties to cite to these comments without objection, their addition to the Certified AR would be unnecessary. *See* Fed.R.Evid. 201(b) (judicial notice proper when information is publicly available and its accuracy cannot reasonably be questioned).

---

[1] A few of these recommendations are in the Certified AR because they appear as attachments to

8. The foregoing materials are an important part of the record considered by the agency when it conducted its re-examination the OLPP Final Rule and its underlying record. *See e.g.* 82 Fed. Reg. at 52643-44 (AMS acknowledging "reviewing the rulemaking record for the OLPP Final Rule" during reconsideration)

<u>Request to Remove Incorrect Designation of a Document in the Certified AR</u>

9. Plaintiff OTA also seeks a correction in the Certified AR.  *See Exhibit 4*  (Document No. 11 on the Index, Bates Nos. 00001731-1736 is misnamed as "Formal Recommendation" of the National Organic Standards Board and a vote sheet rom the April 2017 meeting) ("the Resolution")

10. The Resolution is not the product of the procedures required for a formal recommendation of the NOSB, nor is it in the required form.  It was not on the NOSB meeting agenda, *see Exhibit X,* was not referred to in the NOP's response to the NOSB recommendations for that meeting, *see Exhibit 6,* and was not the subject of public discussion required for all NOSB recommendations. *See Exhibit 7* (transcript excerpt).

11. Plaintiff requests that this Court issue an Order stating that the document bearing this designation is not in fact a "Formal Recommendation" or alternatively, Defendants provide an appropriate designation.

<u>Request for Further Conferral or Supplemental Briefing</u>

12. There is one area of disagreement between the parties that strongly suggests continued conferral between the parties would be appropriate. Defendants have agreed to produce the non-privileged documents identified in the review conducted pursuant to the Court's order in the California litigation that they produce a privilege log.  But Defendants have declined to add the privilege log itself to the Certified AR in this case on the grounds that

its production is inconsistent with the law of this Circuit. Plaintiff believes it should be made available in this case.

13. Plaintiff recognizes the apparent conflict in the law of the Ninth and D.C. Circuits on this point. *See e.g. Exhibit 4, at fn 4* (trial judge in California litigation expressly noting difference in 9th Circuit and D.C. Circuit law governing composition of administrative record); *Compare Oceana v. Ross,* 902 F.3d 855, 865 (D.C. Cir. 2019) (affirming trial court decision that pre-decisional documents are not normally part of the whole administrative record) with *In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017) *vacated on other grounds*, 138 S. Ct. 443, 445 (2017) (affirming trial court decision that pre-decisional documents normally are part of the whole administrative record if "considered" by decisionmaker).

14. It is not known at present what materials, if any, will be produced as a result of the privilege review. It is also unknown whether the privilege log itself will be publicly disclosed. Plaintiff believes it would be premature and contrary to the efficient administration of this case to simultaneously litigate the issue now, before the review is complete and while the parties may continue to confer. Plaintiff also believes that continued conferral may avoid disputes based on conflicts in Circuit authority on the composition of administrative records and the risk of inconsistent judgments arising from the same underlying administrative matter.

15. If, however, in the Court's judgment the matter should be litigated directly and immediately, Plaintiff requests an opportunity to confer again before undertaking briefing on this discrete and complicated issue.

Conclusion

For the foregoing reasons and those more fully set forth in the simultaneously submitted Memorandum of Law, the Motion shall be granted.

    Respectfully Submitted:

    */S/* William J. Friedman
    William J. Friedman
    Counsel for Plaintiff Organic Trade Association
    107 S. West St.
    Alexandria, VA 22314
    Tel.:  571.217.2190
    Email:  pedlarfarm@gmail.com

## CERTIFICATE OF SERVICE

Counsel certifies that on June 12, 2019 he filed a copy of this motion electronically with this Court and all participants in this case who are registered CM/ECF users will be served via the CM/ECF system.