**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ORGANIC TRADE ASSOCIATION,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,

Defendants.

Case No. 1:17-cv-01875-RMC

**DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS AND FOR VOLUNTARY REMAND OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

Defendants ("USDA") respectfully move the Court for an order staying summary judgment proceedings and remanding consideration of the rule at issue to USDA. Motions for voluntary remand are routinely granted in this Circuit and, as set forth below, there is every reason to do so here. Remand will permit USDA to more fully examine an economic assumption underlying both the rule that is being challenged (the "Withdrawal Rule") and the rule that preceded it ("OLPP Rule") that USDA has independently identified in the course of reviewing extra-record evidence attached to Plaintiff's summary judgment motion. Because this assumption was not presented to USDA during the rulemaking proceedings by any interested party, including Plaintiff here, or in the course of this litigation to date, USDA has not yet had an opportunity to address whether it requires changes to the economic analysis performed by the agency as part of the rulemaking and whether those changes would impact the final Withdrawal Rule. Accordingly, USDA submits that the most efficient and equitable course is to remand this matter to the agency to review the economic assumption in the context of the cost-benefit analysis that was performed as part of the rulemaking, and to undertake any additional economic analysis, rather than to litigate the relative

merit of competing policies that may *both* be materially impacted by a flawed economic assumption. USDA proposes to report back to the Court by February 28, 2020, as to the status of its proceedings on remand and whether additional proceedings will be necessary or litigation should be resumed. USDA does not object to this Court retaining jurisdiction during the course of the remand.

Should this Court decide, however, that summary judgment is nonetheless proper at this time, USDA requests that the Court extend the deadline for the government to file its summary judgment brief until fourteen days from the time the Court rules on this motion.

Pursuant to Local Civil Rule 7(m), USDA has conferred with counsel for Plaintiff who reports that Plaintiff is unable to concur in the requested relief without having an opportunity to review the motion.[1]

**BACKGROUND**

This case challenges USDA's decision, after notice-and-comment, to withdraw an organic livestock rule known as the "OLPP Rule." *See generally* Second Am. Compl., ECF No. 80;[2] National Organic Program (NOP); Organic Livestock and Poultry Practices, 83 Fed. Reg. 10,775 (the "Withdrawal Rule"). During promulgation of the OLPP Rule, USDA prepared a regulatory impact analysis or "RIA" that assessed the costs and benefits of the Rule. *See* OLPP Rule, 82 Fed.

---

1 USDA has been working diligently to reexamine its economic analysis over the winter holidays that preceded the January 3, 2020 deadline for its summary judgment filing and regrets filing this motion contemporaneously with that deadline. During this period, USDA identified a potential issue with its prior analysis but requires additional time to assess any impact of that issue on the proceedings at issue. Accordingly, in the interests of judicial and party efficiency, USDA believed it necessary to seek remand rather than continuing to request extensions of the existing summary judgment deadlines.

2 The Court has dismissed count I of the Second Amended Complaint as moot; accordingly only the challenges to the Withdrawal Rule in counts II and III remain pending. *See Organic Trade Ass'n v. USDA*, 370 F. Supp. 3d 98, 113 (D.D.C. 2019).

Reg. 7042, 7082-83 (Jan. 19, 2017). USDA's subsequent decision to withdraw the OLPP Rule was based, in part, on its identification of three errors in that RIA. First, in applying the discount rates to assess the net present value of the OLPP Rule's benefits over a 15-year time frame, USDA used an incorrect mathematical formula in the OLPP Rule RIA. *See* Decl. of Dr. Peter Feather ("Dr. Feather Decl.") ¶ 15 & Exhibit A, Regulatory Impact Analysis, OLPP Rule Withdrawal (Mar. 2018) ("Withdrawal Rule RIA"), at 8-9 (explaining error). Second, the original OLPP Rule RIA "estimated [costs] to be constant over time" while its "benefits were . . . straight line reduced over time," leading to "an inconsistency in the treatment of costs and benefits over time." Withdrawal Rule RIA at 11; Dr. Feather Decl. ¶ 5. Third, the measure of benefits in the original OLPP Rule RIA was based on research that assessed consumer willingness-to-pay for three animal welfare practices, two of which are already incorporated into industry practice, thus overstating the measure of willingness-to-pay that would be attributable to the changes adopted by the OLPP Rule. *See* Withdrawal Rule RIA at 10; Dr. Feather Decl. ¶ 5.

Accordingly, in conjunction with its proposal to withdraw the OLPP Rule, USDA issued a revised RIA in which it reran the same economic analysis undertaken in the original OLPP Rule RIA except that it corrected for these three errors. Dr. Feather Decl. ¶ 6. USDA published the revised RIA in preliminary format for public comment in December 2017. *See* Proposed Withdrawal Rule, 82 Fed. Reg. 59,988, 59,990-91 (Dec. 18, 2017) (summarizing revised analysis and noting that copies of the full analysis were available at Regulations.gov). USDA finalized the revised RIA without change in March 2018 along with publication of the final Withdrawal Rule.

*See* Withdrawal Rule, 83 Fed. Reg. at 10,781 (noting that USDA "did not receive new information via public comments on the December 18, 2017 proposed rule that would have altered the RIA").

After Plaintiff filed this case and the Court ruled on initial matters pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure, USDA produced the administrative record for the Withdrawal Rule. *See* Minute Order dated Mar. 11, 2019 and ECF No 86. The Court subsequently denied plaintiff's motion to complete the administrative record with additional materials, ECF No. 90, and entered a schedule governing the parties' anticipated cross-motions for summary judgment. *See* ECF No. 93 and Minute Order dated August 29, 2019. Plaintiff subsequently sought and obtained two extensions of that schedule, *see* ECF Nos. 94 & 96, and filed its motion for summary judgment on October 31, 2019. ECF No. 98.

After Plaintiff filed its motion, USDA also sought, and the Court granted, two extensions of the briefing deadlines. *See* ECF Nos. 99 & 100. The second extension was provided to allow USDA an opportunity to examine an extra-record, privately-commissioned economic analysis of the original OLPP Rule performed by Dr. Tomislav Vukina, a consultant and professor of economics at North Carolina State University, that Plaintiff attached to its motion for summary judgment. *See* Decl. of Tomislav Vukina in Supp. of Pl.'s Mot. for Summ. J. ("Vukina Decl."), ECF No. 98-3, and Report of Dr. Tomislav Vukina and Accompanying Spreadsheet ("Vukina Report"), ECF No. 98-4. Although Dr. Vukina's analysis was not presented to USDA during the rulemaking process or in a motion to supplement the administrative record in this case (and is therefore presumptively inadmissible[3]), USDA nevertheless took the analysis seriously and conducted a preliminary review to determine how, if at all, it impacts the issues in this case.

3 *See, e.g.*, *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) ("[I]t is black-letter administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" (citation omitted)).

USDA has now completed that review and determined that Dr. Vukina's conclusions are incorrect. Dr. Vukina asserts that the "principal error made by the agency was the application of straight-line depreciation to the estimated benefits" of the OLPP Rule. Vukina Decl. ¶ 9. However, as explained above, USDA did not apply straight-line depreciation to the estimated benefits in the revised RIA underlying the Withdrawal Rule, as Dr. Vukina suggests. Dr. Feather Decl. ¶ 7. Rather, USDA explained in the Withdrawal Rule that the *original OLPP Rule* RIA had erroneously done so. In the Withdrawal Rule RIA, in contrast, USDA kept both costs and benefits constant for all years of the analysis period in which benefits were expected to flow (years 6 through 15). *See* Withdrawal Rule RIA at 12, Table C (summarizing revisions as reflecting "*constant annual benefits*" (emphasis added)); Dr. Feather Decl. ¶ 7. Thus, the "principal error" asserted by Dr. Vukina is one that affected the OLPP Rule, but that was addressed and corrected in the revised analysis underlying its withdrawal.[4]

Nevertheless, as set forth in the attached declaration of Dr. Peter Feather, in the course of reviewing Dr. Vukina's analysis, it came to USDA's attention that although the Withdrawal Rule RIA endeavored to correct the three errors in the original OLPP Rule RIA, it nevertheless incorporated certain assumptions from the original OLPP Rule RIA that USDA would like to reexamine to ensure that the errors USDA sought to address were, in fact, fully addressed. Feather Decl. ¶ 8. USDA intends to re-review the measures of costs and benefits used in the three scenarios in the Withdrawal Rule RIA, each of which was derived from the original OLPP Rule RIA, to ensure that they are methodologically appropriate. *Id.* ¶ 9.

[4] Some of Dr. Vukina's misunderstanding may stem from the fact that USDA published a workbook on Regulations.gov that demonstrated its earlier (erroneous) analysis with revised discount formulas, rather than the fully corrected analysis. A comparison of the benefits values in that workbook with the final benefits values in Table C of the Withdrawal Rule RIA demonstrates that this data was not incorporated in the final corrected analysis.

## LEGAL STANDARD

"Administrative agencies have the inherent power to reconsider their own decisions through a voluntary remand" subject to the discretion of the court. *Code v. McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015). In this Circuit, as in others, "[a]n agency's motion to remand for reconsideration of its own decision is usually granted." *American Wild Horse Preservation Campaign v. Salazar*, 115 F. Supp. 3d 1, 3 (D.D.C. 2012) (citing cases). Courts "commonly grant such motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 & n. 3 (D.C. Cir. 1993) (citing cases). As relevant here, an "agency may . . . 'request a remand (without confessing error)" simply "in order to reconsider its previous position.'" *Clark v. Perdue*, No. CV 19-394 (JEB), 2019 WL 2476614, at *2 (D.D.C. June 13, 2019) (quoting *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018)). An agency "might argue, for example, that it wishe[s] to consider further the governing statute, or the procedures that were followed" or "*simply state that it had doubts about the correctness of its*" initial analysis. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (emphasis added); *see also Southwestern Bell Tel. Co. v. Fed. Communications Comm'n*, 10 F.3d 892, 896 (D.C. Cir. 1993) (noting that the court had allowed remand simply for the agency "to give further consideration to the matters" at issue (quotation marks and citation omitted)); *Wilkett v. Interstate Commerce Comm'n*, 710 F.2d 861, 863 (D.C. Cir. 1983) (noting that the court had granted motion for remand for purposes of reconsideration). Remand is appropriate when an agency has raised "substantial and legitimate" concerns in support of its request, *SKF USA*, 254 F.3d at 1029, and remand will not unduly prejudice the plaintiff. *Clark*, 2019 WL 2476614, at *2.

## ARGUMENT

### I. Remand Is Appropriate to Permit USDA to Reconsider Economic Assumptions Contained in Both the OLPP Rule and the Withdrawal Rule.

As set forth above, having completed its review of plaintiff's extra-record evidence, USDA disagrees with Plaintiff's assertions regarding the purported "principal error" in its revised RIA. However, as a result of that review, USDA independently identified a different issue it believes it would be prudent to reexamine. Specifically, the measure of benefits applied in the Withdrawal Rule RIA was taken from the original OLPP Rule RIA. USDA would like the opportunity to reassess that measure, as well as the underlying assumptions, and undertake any additional measures if warranted. Feather Decl. ¶¶ 8-9.

These are "substantial and legitimate" grounds for remand. *SKF USA*, 254 F.3d at 1029. USDA's economic analysis played an important role in its assessment of the OLPP Rule, *see* Withdrawal Rule, 83 Fed. Reg. at 10,781-82, and by requesting voluntary remand, USDA seeks to avoid unnecessary or premature litigation about whether the issue it has identified amounted to error, and if so, whether that error was material and/or was waived by commenters' failure to raise it. Instead, USDA will simply reconsider the issue on its own initiative, make any necessary modifications, and/or provide any additional explanation that may facilitate judicial review, thus conserving judicial resources and promoting principles of good government. *See, e.g.*, *Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 43 (D.D.C. 2013) (voluntary remand is "desirable even where . . . driven by the litigation in which [such a request is] made" because "forcing [an agency] to litigate the merits would needlessly waste not only the agency's resources but also time that could instead be spent" examining and/or addressing any potential deficiencies); *Conservation Law Found. v. Ross*, No. CV 18-1087 (JEB), 2019 WL 1359284, at *2-4 (D.D.C. Mar. 26, 2019)

(granting voluntary remand to permit agency to offer additional explanation and thereby spare extraneous litigation).

Voluntary remand also is an equitable outcome that will not prejudice plaintiff. Plaintiff itself asserts that USDA's economic analysis is flawed (albeit for different reasons) and insufficiently explained, and therefore it cannot complain about USDA taking a second look at that analysis. *See* Pl.'s Mot. for Summ. J. at 26-32. Plaintiff also concedes that the original OLPP Rule, that it seeks to reinstate, was based on a flawed economic analysis. *See* Vukina Report at 3-4 & 5 ¶ 1 (criticizing depreciation of benefits underlying OLPP Rule RIA as "an economic modeling error [that] conflicts with the accepted approach in economic enterprise budgeting"); *see also id.* at 3-6 (not contesting that the OLPP Rule RIA used the wrong discounting formula); Pl.'s Mot. for Summ. J. at 36-40 (same). Plaintiff therefore cannot dispute that the OLPP Rule would itself be vulnerable to judicial invalidation if it had not first been withdrawn by USDA. *See Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1039-40 (D.C. Cir. 2012) (if an "agency decides to rely on a cost-benefit analysis as part of its rulemaking, a serious flaw undermining that analysis can render the rule unreasonable"). Thus, even if USDA partially carried over *one* of the errors underlying the original OLPP Rule into the Withdrawal Rule RIA, invalidating the Withdrawal Rule (as Plaintiff seeks) and requesting the reinstatement of a rule that was premised on the *exact same flaw*, as well as three other errors, would make little sense. *See Stand Up for California! v. United States Dep't of Interior*, No. CV 12-2039 (BAH), 2013 WL 12203229, at *3 (D.D.C. Dec. 16, 2013) (noting that any decision to vacate a regulation is based on equitable considerations, including "the disruptive consequences of an interim change that may itself be changed" (quotation marks and citation omitted)). That is especially true given that no commenter raised this issue during the notice-and-comment period and USDA therefore did not have an opportunity to address

it during the rulemaking process. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("[C]ourts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."); *Pac. Solar Energy, S.A. de C.V. v. United States Dep't of Treasury*, No. CV 18-48 (RDM), 2019 WL 1359283, at *2 (D.D.C. Mar. 26, 2019) ("It is a cardinal rule of judicial review that 'agencies, not courts, should decide issues in the first instance[.]'" (citations omitted)).

It is true that the Withdrawal Rule was also premised on an alternate rationale that USDA lacked statutory authority to issue the OLPP Rule, which would support withdrawal independent of the potential flaw in the economic analysis. *See* Withdrawal Rule, 83 Fed. Reg. at 10,776-79. USDA is fully prepared to defend that rationale, as well as Plaintiff's other challenges, should this Court decide that the case should proceed to summary judgment. However, USDA submits that it is an inefficient use of party and judicial resources to proceed to judgment when USDA may very well decide that, in light of the potential issue, adjustments to the rule and further administrative proceedings may be necessary on remand. For example, if the issue is determined to be material, USDA may decide to repromulgate the rule after supplemental notice and comment. Conversely, if USDA decides that such additional proceedings are not necessary, then the stay of summary judgment would be minimal, and it would provide a clean record for decision by this Court. Accordingly, Plaintiff could not complain that it would be prejudiced by the remand.

USDA therefore requests that the Court enter a limited stay of these proceedings and remand this matter to USDA to evaluate the impact of the potential issue that USDA has identified. USDA proposes to report back to the Court by February 28, 2020, the results of its additional analysis on remand and to determine at that point whether additional administrative proceedings will be necessary or litigation should be resumed.

**II. In the Alternative, the Court Should Extend the Time for USDA to File Its Summary Judgment Brief.**

If the Court determines that voluntary remand is not appropriate, USDA requests that the Court extend the deadline to file its summary judgment brief until fourteen days after ruling on this motion. Such an extension is warranted in light of the fact that USDA and undersigned counsel have been diligently involved in attempting to evaluate the impact of an issue that was first discovered by the agency at summary judgment as a result of reviewing extra-record materials. In light of these circumstances, undersigned counsel has not had the opportunity to prepare and finalize the opposition to Plaintiff's motion for summary judgment.

**CONCLUSION**

For the foregoing reasons, USDA respectfully requests that the Court grant its motion for voluntary remand or, in the alternative, extend the deadline to file its summary judgment brief until fourteen days after the Court rules on this motion.

Dated: January 3, 2020

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*<u>/s/ Serena M. Orloff</u>*
SERENA M. ORLOFF
California bar no. 260888
Trial Attorney, U.S. Department of Justice
1100 L Street NW, Room 12512
Washington, D.C. 20005
(P) 202-305-0167
(F) 202-616-8470
serena.m.orloff@usdoj.gov

*Attorneys for Defendants*