UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ORGANIC TRADE ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-1875 (RMC) |
| UNITED STATES DEPARTMENT, OF AGRICULTURE, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

This lawsuit represents the administrative process at its never-ending worst: after ten years of work, the United States Department of Agriculture (USDA) issued a final rule concerning Organic Livestock and Poultry Practices (OLPP Rule), 82 Fed. Reg. 7042 (January 19, 2017); under a new Administration, USDA then three times unilaterally issued a rule delaying the effective date of the OLPP Rule; and on March 13, 2018, USDA issued a Final Withdrawal Rule, 83 Fed. Reg. 10775, by which it terminated the OLPP Rule. The Organic Trade Association (OTA), a proponent of the OLPP Rule, initially filed suit in 2017, objecting to the delays. *See* Compl. [Dkt. 1]; First Am. Compl. [Dkt. 13]. It then complained of the Withdrawal Rule. *See* Second Am. Compl. [Dkt. 80]. OTA filed its motion for summary judgment on October 31, 2019 and, after two extensions of time, USDA was expected to file an opposition when it suddenly asked for remand. The motion for remand is ripe for review.[1]

---

[1] *See* Defs.' Mot. to Stay Summ. J. Proceedings and for Voluntary Remand or, in the Alternative, for an Extension of Time [Dkt. 102]; Opp'n to Defs.' Request for a Stay and Voluntary Remand [Dkt. 105]; Defs.' Reply in Supp. of Mot. for Voluntary Remand or, in the Alternative, for an Extension of Time [Dkt. 106]; Defs.' Status Report Regarding Mot. for Voluntary Remand [Dkt.

USDA seeks remand to correct a series of admitted flaws in the cost/benefit analysis in the OLPP Rule that were carried over into the Withdrawal Rule. OTA's underlying challenges to the Withdrawal Rule involve claims that USDA incorrectly concluded that it lacked authority to publish the OLPP Rule in the first place and that the Withdrawal Rule contained errors in its economic analysis.

Anxious to resolve the fundamental question of USDA's authority, OTA urges the Court to deny remand and continue this litigation, rather than permit USDA to spend an unknown amount of time on additional economic modeling—which is not directly at issue and will likely lead to further litigation if the analysis is, again, incorrect. USDA protests that the cost/benefit analysis informed its actions when implementing the Withdrawal Rule; that there were analytic errors in both the OLPP Rule and the Withdrawal Rule; and that the correct analysis will benefit the parties and Court in further litigation.

A Court has "broad discretion to grant or deny an agency's motion to remand." *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018). Courts in this Circuit routinely grant agency motions for voluntary remand "so long as 'the agency intends to take further action with respect to the original agency decision on review.'" *Id*. (quoting *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)). Courts favor voluntary remand where possible because they "prefer[ ] to allow agencies to cure their own mistakes rather than wast[e] the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993).

---

108]; Resp. to Defs.' Status Report [Dkt. 110]; Defs.' Reply to Pl.'s Resp. to Status Report [Dkt. 111].

The Court is sympathetic to OTA but rules (and cases) are best decided on a complete record. Any interim decision on the legitimacy of the Withdrawal Rule would be negated by USDA's action in amending its reasoning or action by USDA could moot the issues after briefing and before a decision. Voluntary remand is preferred to ensure the Court has a complete record at summary judgment.

To ensure timely action, however, the Court will set a deadline of 180 days for USDA to publish a final rule, after notice and comment, fully explaining its updated cost/benefit analysis. After these many efforts, the Department should move quickly.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Stay Summary Judgement Proceedings and for Voluntary Remand, Dkt. 102, is **GRANTED**; and it is

**FURTHER ORDERED** that the case is remanded to USDA for a period of no more than 180 days, or until no later than September 8, 2020; and it is

**FURTHER ORDERED** that the case is **STAYED**; and it is

**FURTHER ORDERED** that the parties shall submit a joint status report no later than September 8, 2020 or two weeks after a revised final rule has been published, whichever is earlier.

Date: March 12, 2020

ROSEMARY M. COLLYER
United States District Judge